# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL J. GRESS** and **BRANDY L. GRESS**, on behalf of themselves and all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) Case No. 1:19-cv-00375-JEJ |
| | ) (Hon. John E. Jones III) |
| v. | ) ) |
| **FREEDOM MORTGAGE CORPORATION**, | ) ) ) |
| Defendant. | ) ) |

## JOINT CASE MANAGEMENT PLAN

The parties held a phone conference on May 20, 2019 and discussed the matters in this case management plan. Freedom also provided an ESI protocol and protective order by e-mail on May 21, 2019. The Parties are engaged in ongoing discussions regarding the provisions of the ESI Protocol and Protective Order.

**1.  Principal Issues**

Separately for each party, please give a statement summarizing this case.

By plaintiff(s):

Freedom holds a mortgage on the Gresses' home. While that mortgage permits Freedom to conduct property inspections, and to pass those charges on to the Gresses, its right to do so is limited. Specifically, Freedom may only charge a fee when an inspection is reasonable or appropriate. Inspections are used after a default to determine if a property

1

has been abandoned.  Here, the inspections were not reasonable or appropriate because, based on its own records, Freedom knew, or should have known, that the Gresses had not abandoned their home.  Rather, Freedom utilizes an automated computer system that orders inspections and charges fees to customers whenever a mortgage has been in default for a set number of days.  This automated computer system considers no other factors but length of default.  It does not consider if an inspection would be reasonable or appropriate.  It also does not consider other information in Freedom's records that often indicates that a property has not been abandoned.  Freedom has illegally charged the Gresses to inspect their house—four separate times—even though it knew that they were occupying the house and attempting to make payments on their loan.  Freedom admits that its computer automatically orders property inspections, generating these fees.  This is an action to recover the illegally assessed fees.  Moreover, Freedom's actions are not limited to the Gresses; this is a companywide policy, and so the Gresses bring this case as a class action on behalf of all borrowers in the same circumstance.

By defendant(s):

Freedom is the servicer of Plaintiffs' residential home loan.  Plaintiffs are seeking relief under various claims for Freedom's imposition of property inspection fees after the Plaintiffs defaulted.  Freedom's position is that it is allowed to charge these fees pursuant to the contract between the parties, and that the claims lack merit.  Freedom has filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), in which it states its position in more detail.

1.1     The facts the parties <u>dispute</u> are as follows:

There is a lot the parties dispute.  Plaintiffs believe the dispute centers on the reasonableness or unreasonableness of Freedom's actions, and the related legal issue of whether the mortgage contract permits Freedom to assess the fees that it has.

Freedom's Motion to Dismiss has been fully briefed by the parties and is currently pending before the Court.  Accordingly, Freedom has not filed an Answer in response to Plaintiffs' factual allegations.

        <u>agree</u> upon are as follows:

2

The parties do agree that the mortgage exists and that fees were assessed.

1.2	The legal issues the parties <u>dispute</u> are as follows:

- How to construe the mortgage, and under what circumstances it authorizes Freedom to assess property inspection fees.
- Class certification questions including Article III standing and personal jurisdiction.
- All legal issues raised by Freedom in its Motion to Dismiss briefing.

<u>agree</u> upon are as follows:

.-The parties have not come to agreement on legal issues as of the date of this filing.

1.3	Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

None, other than those raised in Freedom's motion to dismiss.  Namely, Freedom asserts that the Gresses cannot bring claims on behalf of class members outside Pennsylvania, because the court lacks personal jurisdiction and the Gresses lack standing to bring claims from states in which they do not reside.  No dispute exists regarding service or venue.

1.4	Identify any named parties that have not yet been served:

None.

1.5	Identify any additional

parties that: plaintiff(s)

intends to join:

3

None at this time.

    defendant(s) intends to join:

None at this time.

1.6    Identify any additional

    claims that: plaintiff(s)

    intends to add:

None at this time.

    defendant(s) intends to add:

None at this time.

**2.0    Disclosures**

~~The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.~~

The parties have not agreed upon a date to serve initial disclosures. Plaintiffs' position is that the disclosures should be served within the time set by Fed. R. Civ. P. 26(a)(1). Freedom's position is that all discovery, including initial disclosures, should be stayed until resolution of its Motion to Dismiss, and that discovery should begin 14 days after an answer is filed. Nevertheless, Plaintiffs intend to serve initial disclosures within the time set by Fed. R. Civ. P. 26(a)(1).

The parties could not agree as to the timing of discovery at all.

The Gresses' position:

Discovery should commence now, since the Rule 26(f) conference has been held and a conference with the Court is set for next week. The usual posture is that discovery continues during the pendency of a motion to dismiss. Moreover, Freedom's motion to dismiss encompasses a series of

overlapping arguments. It is possible that the motion might be only partially granted and partially denied. A discovery stay would only produce delay without benefit.

Freedom did not come to this conference prepared to discuss its computer systems, as required by L. R. 26.1, or discuss the location and nature of relevant documents, as required by Fed. R. Civ. P. 26(f). Generally, its answer to every question about available discovery materials was that defense counsel would need time to talk with the client and get back to Plaintiffs. It is evident that Freedom is already behind on its discovery obligations and would certainly not do anything to catch up during a discovery stay. If Freedom needs time just to comprehend its own documents and data, let us get started now.

In a similar vein, Freedom's counsel indicated that the company has issued a litigation hold as to relevant documents. It is not clear, given Freedom's inability to discuss where and how its own data is stored, that this litigation hold will be effective. Important materials could be lost or destroyed during a discovery stay. Again, Freedom should not benefit from its lack of preparedness.

Finally, if it is Freedom's position that discovery would be unduly burdensome during the pendency of a discovery stay, Freedom did not come prepared to discuss any burden on it at the Rule 26(f) conference the parties held. We have no reason to believe the burden would be any heavier than that borne by any other party to litigation.


Freedom's position:

Freedom disagrees with the statements set forth by plaintiffs above. Freedom came prepared to discuss the items in the standard joint case management plan. With respect to computer systems, discussions about ESI and relevant information are ongoing between the parties. Plaintiffs have identified general topics of interest to them, about which Freedom has agreed to provide information, including specific systems that Plaintiffs are interested in, which has been provided to Plaintiffs. Additionally, Freedom has provided Plaintiffs with a draft ESI Protocol, which addresses much of what needs to be discussed.

Freedom believes that discovery is not warranted in this matter until after resolution of the outstanding motion to dismiss. The outstanding motion to dismiss has potential dispositive effect, and could possibly limit the scope of discovery. Postponing the commencement of discovery until resolution of these issues will not prejudice plaintiffs, and will preserve resources of the parties and the Court.

Finally, Plaintiffs concerns regarding lost or destroyed materials are meritless. As mentioned to Plaintiffs, Freedom has instituted a litigation hold with regard to the allegations made in this complaint, and has committed to providing certain systems information to Plaintiffs, as Plaintiffs requested during the Rule 26 conference.

**3.0   Early Motions**

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

| <u>Nature of Motion</u> | <u>Moving Party</u> | <u>Anticipated Filing Date</u> |

- Motion to dismiss filed by Freedom Mortgage. Already filed.
- Motion to Stay Discovery by Freedom Mortgage. At the Court's discretion.

**4.0   Discovery**

    **4.1**   Briefly describe any discovery that has been completed or is in progress:

        By plaintiff(s):

None.

By defendant(s):

None.

**4.2** Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

Plaintiffs have identified the general topics found below (but, as stated, not about the timeframe for this discovery) that they believe are relevant:
- The identity, structure, and contents of Freedom's loan management systems.
- Freedom's entire file on the Gresses.
- The Gresses' entire file on Freedom.
- All inspection reports Freedom has on the Gress house, and related documents.
- Communications between the Gresses and Freedom.
- Communications between each party and third parties relating to the Gress mortgage and inspections of the Gress property.Freedom's business processes, procedures, policies, and rules for ordering property inspections.
- Samples of mortgage contracts Freedom holds on class members (relevant to the appropriateness of class certification).
  - Freedom has agreed to investigate whether this is a feasible request, given the Company's business model.

Freedom has identified the general topics found below that it believes are relevant:

- The Gresses' entire file on Freedom.
- Communications between the Gresses and Freedom.
- Communications, including, but not limited to, online posts and comments, made by the Gresses to third parties relating to the Gress

7

    mortgage or Freedom.

All parties reserve the right to make objections to specific requests based on the substance of the requests made.

The parties agree that depositions of the Gresses and of relevant witnesses inside Freedom will be appropriate. These depositions will determine the merits of the claims and defenses, and will relate to the topics above. It is premature to be more specific about the identity of the Freedom witnesses, or any additional third party witnesses that may be necessary.

**4.3** Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

None.

**4.4** Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

If the case is allowed to proceed, Freedom requests that class discovery be bifurcated. Plaintiffs do not agree to bifurcate fact and class discovery. Freedom is willing to brief this issue fully for the Court, if the Court believes briefing on this issue would be helpful. The below statement is that of the Plaintiffs, and Freedom does not agree with the characterization or legal arguments made therein.

Plaintiffs believe that bifurcating discovery would be inappropriate. *First*, this is a complex class action and it will impossible to move for class certification without discovery relevant to the requirements for class certification set forth in Rule 23.

*Second*, there is no clear distinction that can be made between class and non-class discovery. There will be substantial overlap between discovery relevant to Plaintiffs' individual claims and discovery relevant to identical

claims of other putative class members.  This includes discovery pertaining to when and how Defendant conducts property inspections and the automation of this process through a computer system.  Indeed, without overlapping discovery covering claims of both Plaintiffs and class members, for purposes of class certification, it will be impossible to demonstrate that Plaintiffs' claims are typical of other class members or that "questions of law or fact common to class members predominate over any questions affecting only individual members."  Fed R. Civ. P. 23(b)(3).

There will also be substantial overlap between discovery needed for class certification and discovery needed for the merits of the claims of both Plaintiff and class members. Formal bifurcation of discovery will likely lead to needless discovery disputes over whether particular discovery requests are relevant to class certification or the merits when, in actuality, the discovery requests are relevant to both.  *See, e.g., In re Hydrogen Peroxide Antitrust Litigation,* 552 F.3d 305, 317 & n.20 (3d Cir. 2008) (the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action and "[a]ctive judicial supervision may be required to achieve the most effective balance that expedites an informed certification determination without forcing an artificial and ultimately wasteful division between 'certification discovery' and 'merits discovery.'") (quoting Fed. R. Civ. P. 23 advisory committee's note, 2003 Amendments); *In re Plastics Additives Antitrust Litig.,* 2004 WL 2743591, at *3 (E.D. Pa. Nov. 29, 2004) ("[T]he distinction between merits-based discovery and class-related discovery if often blurry, if not spurious.").

*Third*, Defendant does not propose a schedule that is actually bifurcated. *See* section 6, *infra*. Under the Court's March 28, 2019 Order (Dkt. No. 10), the parties only have 7 months to complete all discovery.  It will be difficult to complete discovery (including expert discovery) in 7 months without phasing.  It will be virtually impossible to conduct multiple phases of discovery (including expert discovery) in 7 months. That discovery will, *inter alia*, cover matters pertaining to aspects of Defendant's nationwide mortgage servicing operations and Defendant's use of automated computer systems in conducting those mortgage servicing operations.  It will also necessary involve the analysis of computerized account data for thousands of borrowers who were charged unlawful property inspection fees.  Once produced, experts must: 1) for purposes of class certification, demonstrate

9

that both the scope of the putative class and classwide damages can be determined from this data; and 2) for purposes of the merits, use this data to precisely calculate classwide damages.

**4.5** For each of the following discovery tools, <u>recommend the per-party or per- side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits . . . . . .
recommended by plaintiff(s) and by defendant(s)):

    4.5.1   depositions (excluding experts) to be taken by:
    4.5.2   interrogatories to be served by:
    4.5.3   document production requests to be served by:
    4.5.4   requests for admission to be served by:

For each of these limitations, the parties have agreed to the presumptive limits set out in the Federal Rules of Civil Procedure. The parties have also agreed that any party may seek an adjustment, and the parties have agreed to be cooperative regarding limits to minimize any Court involvement.

**4.6** Discovery of Electronically Stored Information

    ___ Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

    _X_ Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:

The Gresses' position:

In Plaintiffs' view, Freedom was entirely unprepared to discuss the topics ordered in L. R. 26.1(a), which states that "counsel for the parties shall

10

inquire into the computerized information-management systems used by their clients so that they are knowledgeable about the operation of those systems, including how information is stored and how it can be retrieved." Counsel did *not* make this inquiry and could not even tell Plaintiffs' counsel the name of the loan management system that holds Freedom's data. No useful information along these lines was provided at this conference.

Accordingly, we also were unable to discuss any of the matters set out in L. R. 26.1(c). Freedom's position was "discovery is premature because a motion to dismiss is pending," and that is as far as we got.

Freedom's position:

Freedom disagrees with the statements set forth by plaintiffs above. Freedom came prepared to discuss the items in the standard joint case management plan. With respect to computer systems, discussions about ESI and relevant information are ongoing between the parties. Plaintiffs have identified general topics of interest to them, about which Freedom has agreed to provide information, including specific computer systems that Plaintiffs are interested in. Freedom has provided information about those computer systems. Freedom offered to provide a draft ESI Protocol which addresses the majority of topics covered, and has since provided Plaintiffs with that document. Discussions between the parties are ongoing.

## 5.0 Protective Order

**5.1** If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

Freedom's business includes the collection and storage of highly sensitive financial and other consumer data of its customers, and a protective order is required in order to comply with strictures of federal and state data protection laws. *See, e.g.,* 15 U.S.C. § 6802. It is also possible that some of Plaintiffs' indicated discovery topics may implicate proprietary trade

11

secret information. Freedom has provided a draft protective order to Plaintiffs. The parties are in ongoing discussions about the protective order, and will submit the agreed-order to the Court upon agreement.

**5.2**   If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

**6.0** Scheduling

The parties disagree regarding scheduling. Because this action was filed on March 5, 2019, pursuant to the Court's March 28, 2019 Order (Dkt. No. 10), Plaintiffs propose a schedule consistent with the June 2020 trial list. Further, above, Defendant requested that: 1) discovery be stayed pending the determination of the motion to dismiss; and 2) discovery be bifurcated. However, the schedule proposed by Defendant does contemplate a stay and is not bifurcated in nature.

The parties will continue to discuss scheduling to attempt to come to agreement prior to the case management conference.

**6.1** Final date for joining additional parties:

**10/1/2019** Plaintiff(s)

**10/1/2019** Defendants(s)

**6.2** Final date for amending pleadings:

**10/1/2019** Plaintiff(s)

**10/1/2019**   Defendants(s)

These dates would be subject to the Court's determination of the pending motion to dismiss.

**6.3** All fact discovery commenced in time to be completed by:

**12/31/2019**   Plaintiff(s)

**12/31/2019**Defendants(s)

**6.4** All potentially dispositive motions (including motions for class

certification) should be filed by: **2/3/2020**

**6.5** Reports from retained experts due: from

plaintiff(s) by

**11/15/2019** Plaintiff(s)

**1/15/2020** Defendants(s)

from defendant(s) by

**11/15/2019** Plaintiff(s)

**1/15/2020** Defendants(s)

**6.6** Supplementations due

**12/15/2019** Plaintiff(s)

**1/29/2020** Defendants(s)

**6.7** All expert discovery commenced in time to be completed by:

**12/15/2019** Plaintiff(s)

**3/15/2020** Defendants(s)

**6.8** This case may be appropriate for trial in approximately:

___ 240 Days from the filing of the action in this court

___ 365 Days from the filing of the action in this court

      **450** Days from the filing of the action in this court

  **6.9**    Suggested Date for the final Pretrial Conference: **5/1/2020**

  **6.10**   Trial

      6.10.1    Suggested Date for Trial: **6/2/2020**

**7.0**    **Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

  Michael and Brandy Gress
  Plaintiffs
  Available through counsel

_____

David Altman
Executive Vice President and Chief Corporate Counsel
Freedom Mortgage Corporation
C/O Weiner Brodsky Kider PC
1300 19th St. NW Fifth Floor
Washington, DC 20036
(202) 628-2000
Email: mcelroy@thewbkfirm.com

**8.0**    **Alternative Dispute Resolution ("ADR")**

  **8.1**    Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

  None.

  **8.2**    If the parties have been unable to agree on an ADR procedure, but

one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

**8.3**   If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

At this time, legal matters such as construction of the contract and jurisdiction are unlikely to be compromised.  Each side wants a ruling from the Court in its favor.  The class action nature makes ADR unlikely to succeed.  Further, Plaintiffs believe ADR would be premature without appropriate fact discovery first.

**9.0**   **Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court:
   No.

**10.0**   **Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

Plaintiffs have sought Freedom's stipulation to waive the 90-day provision in L. R. 23.3, which otherwise would require the Gresses to move for class certification almost immediately.  (Initial filing was March 5, 2019, so 90 days from that date is June 3, 2019—a few days after the upcoming conference with the Court.)  As good grounds, Plaintiffs note that Freedom's filing of a motion to dismiss rather than an answer, and its objection to making any discovery whatsoever until its motion is ruled on, means that Plaintiffs have had no chance to conduct class discovery.  Counsel for Freedom is conferring with its client regarding this request,

and expects a response prior to the case management conference.

**11.0   Identification of Counsel**

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures. Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy. Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference. The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below.

Dated: _____

 _____
 Attorney(s) for Plaintiff(s)
 ECF User(s)
 Waiver requested (as separate document)
 Fed.R.Civ.P.7.1 (statement filed if necessary)*

Dated: _____

 Jason W. McElroy, Timothy P. Ofak
 Weiner Brodsky Kider PC
 1300 19th St. NW, Fifth Floor
 Washington, DC 20036
 Tel:  202-628-2000
 Fax:  202-628-2011
 Email: mcelroy@thewbkfirm.com; ofak@thewbkfirm.com
 Attorneys(s) for Defendant(s)
 X    ECF User(s)
      Waiver requested (as separate document)
 X

17

       Fed.R.Civ.P.7.1 (statement filed if necessary)*

\* Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.

Dated:  May 24, 2019   Respectfully submitted,

          Gary F. Lynch
          Edwin J. Kilpela (admission pending)
          **CARLSON LYNCH KILPELA & CARPENTER, LLP**
          1133 Penn Avenue, 5th Floor
          Pittsburgh, Pennsylvania 15222
          Telephone: (412) 322-9243
          Fax: (412) 231-0246
          glynch@carlsonlynch.com
          ekilpela@carlsonlynch.com

          D. Greg Blankinship (admitted *pro hac vice*)
          Todd S. Garber (admitted *pro hac vice*)
          Bradley F. Silverman (admitted *pro hac vice*)
          **FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER, LLP**
          445 Hamilton Ave, Suite 605
          White Plains, New York 10601
          Telephone: (914) 298-3281
          Fax: (914) 908-6709
          gblankinship@fbfglaw.com
          tgarber@fbfglaw.com
          bsilverman@fbfglaw.com

Matthew D. Schultz (admitted *pro hac vice*)
William F. Cash III (admitted *pro hac vice*)
**LEVIN, PAPANTONIO, THOMAS, MITCHELL, RAFFERTY & PROCTOR, P.A.**
316 South Baylen St.
Pensacola, Florida 32502
Telephone: (850) 435-7059
mschultz@levinlaw.com
bcash@levinlaw.com

*Counsel for Plaintiffs*

  /s/ Jason W. McElroy
Timothy P. Ofak (Bar No. PA 203087)
Jason W. McElroy (*pro hac vice*)
Brian M. Serafin (*pro hac vice*)
Weiner Brodsky Kider PC
1300 19th Street NW, Fifth Floor
Washington, DC 20036
Tel:  (202) 628-2000
Fax:  (202) 628-2011
Email: ofak@thewbkfirm.com
        mcelroy@thewbkfirm.com
        serafin@thewbkfirm.com
***Counsel for Defendant Freedom Mortgage Corporation***

## **Certificate of Service**

I certify that, on May 24, 2019, I caused to be served on all parties and counsel of record a copy of the foregoing Joint Case Management Statement via the Court's CM/ECF system.

                                                 _/s/ Jason W. McElroy_