**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL J. GRESS and BRANDY L. GRESS**, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>**FREEDOM MORTGAGE CORPORATION**,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:19-cv-00375-JEJ<br><br>(Hon. John E. Jones III) |

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement (the "Agreement") is made and entered into as of the Execution Date, by plaintiffs Michael J. Gress and Brandy L. Gress  (the "Class Representatives") for themselves and as the representatives of the Class, the Class's attorneys Finkelstein, Blankinship, Frei-Pearson & Garber, LLP and Levin, Papantonio, Rafferty, Proctor, Buchanan, O'Brien, Barr & Mougey, P.A. (the "Class Counsel"), and defendant Freedom Mortgage Corporation ("Freedom") (collectively, the "Parties").

### RECITALS

WHEREAS, the Class Representatives have asserted causes of action against Freedom in the above-captioned class action lawsuit titled *Gress v. Freedom Mortgage Corporation*, 1:19-cv-00375-JEJ (M.D.P.A) (the "Litigation"), asserting

1

that in some instances Freedom charged borrowers whose Mortgages were serviced by Freedom for property inspections conducted on the borrower's properties due to the borrowers defaulting on their loans;

WHEREAS, the Class Representative, through the Class Counsel, has conducted research, investigation, and discovery regarding the claims asserted against Freedom in the Litigation;

WHEREAS, the Parties engaged in two sessions of mediation in connection with the Litigation on December 28, 2020 and January 14, 2021, before the Hon. Jeff Kaplan;

WHEREAS, the Class Representatives and Class Counsel concluded that a settlement with Freedom, according to the terms set forth below, is in the best interests of the Class Members; and

WHEREAS, while Freedom disputes the allegations in the Litigation and denies that it is or may be liable in this Litigation, it enters into this Agreement to avoid the further expense, inconvenience, distraction, and uncertainty of further discovery and further proceedings in the Litigation, and does so without any express or implied admission of fact or liability;

NOW, THEREFORE, the Parties, in consideration of the promises, covenants, and agreements herein described, and for other good and valuable

consideration acknowledged by each of them to be satisfactory and adequate, and intending to be legally bound, do hereby mutually agree as follows:

## 1. DEFINITIONS

a.  "Agreement" means this Class Action Settlement Agreement.

b.  "Appellate Courts" means the United States Court of Appeals for the Third Circuit and the United States Supreme Court.

c.  "Claim" means a claim for Settlement Benefits.

d.  "Claim Identification Code" means a unique alpha-numeric identifier assigned by the Claims Administrator to each Class Member, which shall be included on both the First Notice and the Reminder Notice.

e.  "Claims Period" means the period of time during which Class Members may submit Claims, as provided for in Section 10.

f.  "Class" means, and the Class to be certified pursuant this Agreement is defined as, all borrowers in the United States whose Mortgages were or are serviced by Freedom and who paid money to Freedom for fees on property inspections conducted on their property due to the borrower defaulting or being delinquent on their Mortgage ("Default Property Inspections"), between March 5, 2013 and December 31, 2020. The settlement does not apply to: (a) fees for Default Property Inspections assessed by Freedom that were not paid by the borrower; (b) fees for Default Property Inspections that were refunded to the borrower; (c) fees for Default

Property Inspections paid by third-parties; or (d) borrowers who provided Freedom with a release of claims which cover the claims in this case, including where the release was provided directly or through a class representative as part of another class action or class action settlement.

g.      "Class Members" means all persons who are part of the Class.

a.      "Court" means the United States District Court for the Middle District of Pennsylvania.

b.      "Effective Date" means the date on which the approval of this Settlement by the Court reaches Finality.

c.      "Exclusion Deadline" means the date established by the Court and to be set forth in the First Notice for the receipt by the Settlement Administrator of any Requests for Exclusion.

d.      "Execution Date" means the date on which all persons necessary to execute this Agreement  have signed this Agreement, or, if such persons do not sign on the same date, the date of the last signature necessary to execute this agreement.

e.      "First Notice" refers to the first Court-approved Notice regarding the Settlement that is to be mailed by the Settlement Administrator to Class Members, substantially in the form of Exhibit A to this Agreement, as provided for in Section 6.

f.     "Final Approval Order" means an order entered by the Court granting final approval to the Settlement.

g.     "Final Fairness Hearing" refers to the hearing at which the Court shall: (a) determine whether to grant final approval to this Settlement; (b) consider any timely objections to this Settlement and all responses thereto; and (c) consider requests for an award of attorneys' fees and expenses to the Class Counsel and for a Service Award to the Class Representative.

h.     "Final Judgment Order" means an order entered by the Court dismissing all Released Claims against Freedom with prejudice, in substantially the form of Exhibit E to this Agreement.

i.     "Finality" means: (i) the Court's entry of both a Final Approval Order and Final Judgment Order; and (ii) either (a) no Party or other person has initiated a timely appeal or otherwise sought review of the Final Approval Order or Final Judgment Order, or (b) if the Final Approval Order or Final Judgment Order entered by the Court with respect to the Settlement are appealed to any Appellate Courts, the Final Approval Order and Final Judgment Order have been affirmed in their entirety by the Appellate Courts to which such appeal has been taken and such affirmance is no longer subject to further appeal or review.

j.     "Freedom" means defendant Freedom Mortgage Corporation.

5

k.     "Last Known Mailing Address" shall mean the most current mailing address for the borrower known to Freedom, provided that if the Settlement Administrator determines through use of the U.S. Postal Service's National Change of Address database that a borrower has a more current mailing address, such address shall be deemed the Last Known Mailing Address.

l.     "Mortgage" means a loan used for the financing of real property, including any mortgage deed, deed of trust, security instrument, or other similar documents, instruments, or agreements whereby the financed property serves as collateral for the loan.

m.     "Notice" means, collectively, all Court-approved communications by which the Parties and/or the Court notify or attempt to notify Class Members of the Settlement, their rights with respect to the Settlement, and the Court's approval thereof, regardless of whether such notice is actually received, as provided for under Section 6 of this Agreement.

n.     "Notice Deadline" means the Court-approved deadline for the mailing of the First Notice.

o.     "Objection" refers to the timely and complete filing with the Court of a written objection to the Settlement, which includes all information specified in Section 7 of this Agreement.

p.     "Objection Deadline" means the date established by the Court and to be set forth in the First Notice for the filing with the Court of any Objections to the Settlement.

q.     "Preliminary Fairness Hearing" means the hearing at which the Court shall: (1) determine whether to grant the Motion for Preliminary Approval of this Settlement pursuant to the terms of this Agreement, and with an Order in substantially the form of Exhibit D to this Agreement; (2) approve the proposed plan to provide Notice to the Class; (3) appoint the Settlement Administrator; (4) establish the Objection Deadline and requirements for the filing of Objections to the Settlement; (5) establish the Exclusion Deadline and requirements for the filing of Requests for Exclusion from the Class; (6) establish a date for the Final Fairness Hearing; (7) appoint Class Counsel as counsel for the Class; and (8) preliminarily enjoin any Class Member who does not file a complete and valid Request for Exclusion by the Exclusion Deadline from filing suit or asserting any claim, demand, and/or counterclaim with respect to matters released in Section 15 of this Agreement.

r.     "Property Inspection" means property inspections ordered on real property securing a Mortgage due to the borrower becoming or remaining delinquent or in default on their Mortgage, or which were ostensibly ordered due to the borrower becoming or remaining delinquent or in default on their Mortgage but where the borrower was not in fact delinquent or in default.

7

s.      "Property Inspection Fees" means the amounts which Freedom paid for Property Inspections on a borrower's real property, including as paid to a third-party vendor, and which were in turn charged by Freedom as a fee to the borrower for the Property Inspection.

t.      "Releasees" has the meaning set forth in Section 15 of this Agreement.

u.      "Releasors" has the meaning set forth in Section 15 of this Agreement.

v.      "Reminder Notice" means the second Court-approved Notice regarding the Settlement that is to be mailed by the Settlement Administrator to Class Members, substantially in the form of Exhibits B and C to this Agreement, as provided for in Section 6 of this Agreement.

w.      "Request for Exclusion" means a complete written request to be excluded from the Class that includes all information specified in Section 8 of this Agreement, and is received by the Settlement Administrator before the Exclusion Deadline approved by the Court.

x.      "Service Award" means a Court-approved award to the Class Representative, pursuant to Section 13 of this Agreement.

y.      "Settlement" means the settlement, payment of monies, release, and final dismissal of claims contemplated by this Agreement.

z.      "Settlement Administrator" means the entity engaged to send the Notice of the Settlement, process Requests for Exclusion, disburse payments to

Class Members who submit Valid Claims, maintain a website regarding the Settlement, and to perform all other tasks set forth in Section 5 of this Agreement.

aa.    "Settlement Benefits" means the benefits to be remitted under the terms of this Agreement to Class Members who submit a Valid Claim as specified in Section 9 of this Agreement.

bb.    "Settlement Website" means a website created and maintained by the Settlement Administrator regarding the Settlement, as provided for in Section 6.

cc.    "Valid Claim" means a Claim which is submitted for Settlement Benefits by a Class Member which is submitted in accordance with Section 10 of this Agreement and which complies with all requirements for the submission of a Claim.

jj.    With respect to actions or events which must occur during or after a certain amount of time under the terms of this Agreement, time shall be computed in the manner described in Federal Rule of Civil Procedure 6.

kk.    Definitions used herein shall apply to the singular and plural forms of each term defined.

ll.    Definitions used herein shall apply to the masculine, feminine, and neutral genders of each defined term.

mm.   References to a person or entity under this Agreement include their permitted heirs, personal representatives, executors, affiliates, successors, and assigns.

nn.    Whenever the words "include," "includes," or "including" are used in this Agreement, they shall not be limiting, but rather shall be deemed to be followed by the words "without limitation."

## 2. CONDITIONAL NATURE OF THE AGREEMENT

This Agreement and the Settlement contemplated herein are expressly conditioned upon all of the following, which the parties agree are each material conditions precedent to the payment of Settlement Benefits to Class Members, the payment of any Court-awarded Service Awards, and the payment of any Court-awarded attorneys' fees and expenses to Class Counsel under this Agreement:

a. Signing of the Agreement by all Parties or their duly authorized representatives;

b. Class Counsel's filing with the Court of a Motion for Preliminary Approval of the Settlement;

c. The Court's issuance of a Preliminary Approval Order: (1) granting the Motion for Preliminary Approval of the Settlement upon the terms of this Agreement; (2) approving the proposed Notice and the Notice Plan; (3) appointing the Settlement Administrator; (4) establishing the Objection Deadline and

requirements for the filing of Objections to the Settlement; (5) establishing the Exclusion Deadline and requirements for the filing of Requests for Exclusion from the Class; (6) establishing a date for the Final Fairness Hearing; (7) appointing Class Counsel as counsel for the Class; and (8) preliminarily enjoining the Class Members who do not file complete and valid Requests for Exclusion by the Exclusion Deadline from filing suit or asserting any claims, demands, and/or counterclaim with respect to matters released in Section 15 of this Agreement;

d.  The mailing or other authorized transmission of the Notice to the Class;

e.  Defendant serving the notifications required by 28 U.S.C. § 1715;

f.  The expiration of the Objection Deadline and Exclusion Deadline;

g.  That either: (a) by the Exclusion Deadline, complete and valid Requests for Exclusion are filed with respect to no more than 5% of the Class Members; or (b) Freedom elects, at its option, up to thirty (30) days after the Exclusion Deadline, to proceed with the Settlement notwithstanding the fact that valid Requests for Exclusion are filed with respect to more than 5% of the Class Members;

h.  Class Counsel's filing with the Court of a Motion for Final Approval of the Settlement and the Entry of Final Judgment dismissing with prejudice all of the claims asserted by the Class Representatives and the Class in the Litigation against Freedom;

i. The Court's holding of the Final Fairness Hearing and issuance of a Final Approval Order and Final Judgment Order: (1) disposing of any Objections to the Settlement; (2) granting the Motion for Final Approval; (3) granting final approval of the Settlement and the release of claims set forth in Section 15 of this Agreement by the Class Representatives and the Class Members who did not file complete and valid Requests for Exclusion by the Exclusion Deadline; (4) dismissing with prejudice all claims of the Class asserted in the Litigation against Freedom by the Class Representatives on behalf of themselves and all Class Members who did not file a complete and valid Request for Exclusion; and (5) permanently enjoining the Class Representatives and any Class Members who did not file complete and valid Requests for Exclusion by the Exclusion Deadline from filing suit or any claim, demand, and/or counterclaim with respect to matters released in Section 15 of this Agreement, or from being a member of any other pending or future class action which would allow for recovery of any claim, demand, and/or counterclaim with respect to the matters released in Section 15 of this Agreement;

j. The Final Approval Order and Final Judgment Order reaching Finality.

Should any of these conditions not be met, the Parties agree that the Settlement and the terms of this Agreement shall terminate and be deemed null and void, will have no effect on the rights of the Parties, and the Parties shall be returned to the positions they were at in the Litigation prior to the execution of the Agreement,

provided that any provisions or sections of this Agreement which expressly state that they survive termination of this Agreement or which describe actions or events related to the termination of the Agreement or the Settlement not reaching Finality. If the Court makes or requires any changes or amendments to the terms of the Settlement, all of the Parties may agree, at their sole individual discretion, to adopt such changes in writing and proceed with the Settlement under the Agreement as changed or amended.  If all of the Parties do not agree to all of the changes made or required by the Court, any Party may terminate the Agreement and the Settlement. Freedom shall not be responsible or liable to pay anything to Class Members pursuant to this Agreement or the Settlement if the Settlement or this Agreement are not approved by the Court, are terminated, or otherwise do not reach Finality.

### 3.  COOPERATION BY THE PARTIES

The Parties agree to cooperate fully and in good faith with each other to promptly execute all documents and take all steps necessary to effectuate the Settlement consistent with the terms and conditions of this Agreement.  The Parties and their counsel further agree to support the preliminary and final approval of this Settlement consistent with the terms and conditions of this Agreement, including against any appeal of the Final Approval Order and Final Judgment Order and any collateral attack on the Settlement or the Final Approval Order and Final Judgment

Order, to the extent the Settlement, Final Approval Order, and Final Judgment Order are consistent with the terms and conditions of this Agreement.

## 4. CONFIRMATORY DISCOVERY

The Parties agree to cooperate in good faith to identify Class Members, the number of loans and the amounts of any Property Inspection Fees at issue, and such other information as is necessary to effectuate the Settlement and this Agreement. The Parties will work together in good faith to conduct mutually-agreeable, reasonable confirmatory discovery regarding the identity of Class Members, the number of loans and the amounts of any Property Inspection Fees at issue, and such other information as is necessary to effectuate the Settlement and this Agreement. Freedom and Class Counsel will identify the prospective Class Members on or before the mailing of the First Notice, provided that nothing shall preclude the Parties or the Settlement Administrator from asserting, prior to issuance of the Final Approval Order, that any person identified as a Class Member is in fact not eligible to be a Class Member, or that any person not identified as a Class Member is eligible to be a Class Member.  Any confirmatory discovery shall be treated as Confidential Information pursuant to the terms of the Stipulation and Protective Order Governing the Production and Exchange of Confidential Information entered in the Litigation on October 9, 2019, provided that the Parties may disclose such information to the Settlement Administrator for purposes of effectuating the settlement.

**5. SETTLEMENT ADMINISTRATOR**

The Parties agree that Heffler Claims Group shall be the Settlement Administrator. Freedom may specify a different entity as Settlement Administrator subject to the consent of Class Counsel, and such consent shall not be unreasonably withheld. The Settlement Administrator shall be retained by Freedom, and all costs and expenses of the Settlement Administrator in the execution of the Settlement shall be paid by Freedom.

The Settlement Administrator shall be responsible for administering the Settlement in a cost-effective and timely manner, including:

a. prior to any mailings, undertaking address verifications for Class Members through the U.S. Postal Service's National Change of Address database to determine whether any class member has a more current mailing address;

b. manage and securely maintain information about the Class Members necessary to effectuate the settlement;

c. sending the First Notice and Reminder Notice to the Class Members;

d. preparing reports regarding Notice, as directed by the Parties' counsel and in accordance with the deadline established by the Court;

e. accepting and reporting on Requests for Exclusion received by the Exclusion Deadline;

f.  establishing and maintaining a Settlement Website, as provided for in Section 6;

g.  establishing and maintaining a toll-free phone number where Class Members may leave voicemail messages making inquiries about the Settlement or requesting assistance with respect to the Settlement, and promptly providing all such messages to Class Counsel;

h.  processing Claims and disbursing Settlement Benefits to Class Members who submit Valid Claims;

i.  maintaining a deposit account or accounts at a federally-insured depository institution from which payments may be made to Class Members who submit Valid Claims, and from which payments of attorney's fees and expenses, and Service Awards, may be made to Class Counsel and the Class Representatives;

j.  preparing such declarations or affidavits as are necessary to present to the Court with respect to the Settlement Administrator's duties and fulfillment thereof in support of the Settlement;

k.  issuing Form 1099s, Form W-9s, or any other tax or governmental forms to the extent required; and

l.  any other duties as directed by Freedom which are consistent with the Agreement or which are mutually agreed to by the Parties.

The Parties consent to the release to the Settlement Administrator of the names, addresses, and other personal, financial, or identifying information about the Class Members necessary for the purposes of fulfilling the Settlement Administrator's duties under this Agreement, which information shall be securely maintained as confidential by the Settlement Administrator and shall be destroyed by the Settlement Administrator at the conclusion of its duties.

## 6. NOTICE OF THE SETTLEMENT

Notice of the Settlement shall be provided through a Court-approved plan for the provision of the Notice, which shall include the mailing of the First Notice to the Class Members by the Notice Deadline, by posting information about the Settlement on the Settlement Website, and by mailing or transmitting the Reminder Notice to Class Members, as set forth in this Section.

Within thirty (30) days following entry of the Preliminary Approval Order, the Settlement Administrator shall mail the First Notice to the Class Members by first-class mail. The First Notice shall be in the form of a postcard with an attached postage-paid tear-off return postcard which may be used as a Claim submission form. The First Notice shall be in substantially the form of Exhibit A, and may be modified by agreement of the Parties to effectuate the legibility, formatting, printing, and mailing of the First Notice.

The First Notice shall be sent by first-class mail to the class member's Last Known Mailing Address. If there is more than one borrower on a loan subject to this Settlement and the co-borrowers have the same Last Known Mailing Address, the First Notice will be mailed to the co-borrowers' shared Last known Mailing Address. Otherwise, if there is more than one borrower on a subject loan and the co-borrowers have different Last Known Mailing Addresses, separate First Notices will be mailed to each co-borrower's Last Known Mailing Address.

Thirty (30) days after the start of the Claims Period, the Settlement Administrator shall also mail or transmit the Reminder Notice to the Class Members who have not submitted a Claim. For Class Members who have previously provided an email address to Freedom, the Reminder Notice shall be sent by email to that email address; provided, however, that if a Reminder Notice is sent to a Class Member using an email address that is no longer valid or active such that it is returned or "bounced back," the Claims Administrator shall send that Class Member a Reminder Notice by first-class mail to the Class Members' Last Known Mailing Address. For Class Members who have not previously provided an email address to Freedom, the Reminder Notice shall be sent by first-class mail to the Class Members' Last Known Mailing Address.

For Reminder Notices sent by email, the Reminder Notice shall be an email in substantially the form of Exhibit B, and may be modified by agreement of the

Parties to effectuate the legibility, formatting, and transmission of the Reminder Notice.

For Reminder Notices sent by postal mail, the Reminder Notice shall be a postcard (without an attached tear-off return postcard) in substantially the form of Exhibit C, and may be modified by agreement of the Parties to effectuate the legibility, formatting, printing, and mailing of the Reminder Notice.  For reminder notices sent by postal mail, if there is more than one borrower on a loan subject to this Settlement and the co-borrowers have the same Last Known Mailing Address, one Reminder Notice will be mailed to the co-borrowers' shared Last known Mailing Address.  Otherwise, if there is more than one borrower on a subject loan and the co-borrowers have different Last Known Mailing Addresses, separate Reminder Notices will be mailed to each co-borrower's Last Known Mailing Address.

The Settlement Administrator shall also establish and maintain the Settlement Website on which it will post information about the Settlement, including copies of the Settlement Agreement, the First Notice and the Reminder Notice, the operative version of the Complaint in the Litigation, any orders issued by the Court pertaining to the Settlement (including the Preliminary Approval Order, Final Approval Order, and Final Judgment Order), and contact information for the Settlement Administrator.  The Settlement Website shall allow for the electronic submission of Claims.  The Settlement Website shall also have a feature whereby Class Members

may enter their Claim Identification Code to be shown an estimate of the Settlement Benefits to which they may be entitled, provided that this feature shall include warnings or disclaimers making clear that any listed amount of estimated Settlement Benefit is not guaranteed, and that receipt of a Settlement Benefit is contingent upon various factors described in this Agreement, including submission of a Valid Claim, the grant of certain approvals to the Settlement by the Court, and the Settlement reaching Finality.

The Settlement Website shall be established not later than thirty (30) days after the issuance of the Preliminary Approval Order and will remain active until either: (1) thirty five (35) days after the Settlement Benefits have been distributed to Class Members who submit Valid Claims; or, (2) if the Agreement is terminated.

Mailing or transmission of Notice as provided for in this Agreement shall be deemed conclusive and unrebuttable proof that a Class Member received Notice, regardless of whether Notice was actually received or whether it is returned as undeliverable.  Notice which was mailed or transmitted as provided for in this Agreement shall not be deemed inadequate as to any Class Member because it is not actually received by that Class Member or because it is returned or identified as undeliverable.

## 7.  RIGHT TO OBJECT TO THE SETTLEMENT

Any Class Member shall have the right to object to the Settlement by filing a written Objection with the Court at the address listed in the First Notice and by mailing copies thereof to the Parties' counsel, not later than the Objections Deadline established by the Court, which shall be not more than sixty (60) days after the date that the First Notice is mailed to the Class, or as otherwise ordered by the Court. All Objections must be signed by the person(s) making the objection, or an attorney or legal guardian or legal representative authorized to act on their behalf, and must set forth in detail each component of the Settlement to which they object, the reasons for each such objection, and any legal authority that they wish the Court to consider in support thereof. Objections must also include the objector's full name and current address, the full name and current address of any co-borrower(s) on their Mortgage loan which qualified them for inclusion in the Class, the address of the property which secured the Mortgage that qualifies them for inclusion in the Class, and an affirmation, under penalty of perjury, that the person on whose behalf the objection is filed and their co-borrower(s), if any, object to the Settlement and intend to appear at the Final Fairness Hearing, at which time their Objections will be considered, if not previously withdrawn. Objectors and/or their counsel shall be allowed to appear at the Final Fairness Hearing by telephone or videoconference, or in such as manner as required or provided for by the Court.

## 8. RIGHT TO BE EXCLUDED (OPT-OUT) FROM THE SETTLEMENT

Any Class Member shall have the right to opt-out of the Class by sending a written Request for Exclusion from the Class to the Settlement Administrator at the address listed in the First Notice, which must be postmarked no later than the Exclusion Deadline set by the Court, which shall be not more than sixty (60) days after the date the First Notice is mailed to the Class, and which must be received by the Settlement Administrator no later than seven days prior to the Final Approval Hearing. Requests for Exclusion must be signed by the person requesting exclusion from the Class and any co-borrower(s) on their Mortgage which qualifies them for the Class, and must include the requestor's full name and current address, the full name and current address of any co-borrower(s) on their Mortgage which qualifies them for the Class, the address of the property which secured their Mortgage which qualifies them for the Class, and a clear and unequivocal statement that the requestor and any co-borrowers on the Mortgage seek to be excluded from the Class in this case. If a Request for Exclusion does not contain the signatures of all co-borrowers on the Mortgage (or if each co-borrower on the Mortgage does not submit a separate, complete Request for Exclusion), if the co-borrowers on a loan cannot agree about whether to seek exclusion from the Class, or if any of the co-borrowers on a loan do not consent to the exclusion, then a Request for Exclusion by less than all of the co-borrowers on the loan shall be void and of no effect, and all the co-borrowers on that loan shall be and remain part of the Class.

22

No single Request for Exclusion shall be effective as to more than one borrower or set of co-borrowers.  In no event shall any Request for Exclusion in which a person, who does not possess a valid power of attorney or is not a legal guardian or legal representative authorized to act on behalf of the person to be opted out, purports to opt any other person out of the Settlement (including any group, aggregate, or class involving more than one Class member) be considered a valid opt-out.  Individuals are not permitted to request exclusion for other individuals, and each individual Class member who seeks exclusion from the Class must evidence his or her intent by complying with the procedures above, including by having each individual Class Member sign their Request for Exclusion.  Any opt-out submitted by a Class member on behalf of a group, aggregate, or putative class shall be deemed valid as to that individual Class Member's loan only, and shall be invalid as to the group, aggregate, or putative class.

No Class Member shall be entitled to both object to the settlement, as provided for in Section 7, and to request exclusion from the class, as provided for in this Section.  To the extent any person purports to both object to the settlement and submit a Request for Exclusion from the Class, the objection shall be deemed invalid and of no effect, and the person shall be deemed solely to have opted-out of the class.

## 9.  SETTLEMENT BENEFITS

Class Members who submit a Valid Claim shall receive a Settlement Benefit, in the form of a monetary payment, as described in this Section. To the extent that there is more than one borrower on a loan subject to this Settlement, the co-borrowers shall be deemed to be one Class Member for purposes of the amount of Settlement Benefits to be paid, and one Settlement Benefit shall be paid jointly to all of the co-borrowers on the loan.

The amount of the Settlement Benefit that each Class Member who submits a Valid Claim will be eligible for is: (1) 35% of the amount of money actually paid by the Class Member to Freedom and not refunded by Freedom for the Property Inspection Fees triggered by the first Property Inspection conducted on the property securing the Class Member(s)' Mortgage serviced by Freedom; plus (2) 50% of the amount of money actually paid by the Class Member(s) to Freedom and not refunded by Freedom for the Property Inspections Fees triggered by any second and any subsequent Property Inspections conducted on the property securing Class Member(s)' Mortgage serviced by Freedom.

## 10. CLAIM SUBMISSION, REVIEW, AND APPROVAL

Settlement Class Members shall be permitted to submit a Claim for Settlement Benefits in three ways: (1) by mailing to the Settlement Administrator the Claim submission form attached to the First Notice in the form of a postage-paid tear-off postcard; (2) by submitting a Claim electronically through the Settlement Website;

or (3) by printing a copy of the Claim submission form which will be available on the Settlement Website and mailing it to the Settlement Administrator.

For a Claim to be a Valid Claim, it must:

a.    Be submitted by a Class Member;

b.    Be timely submitted during the Claims Period;

c.    Be truthful, accurate, and submitted under penalty of perjury;

d.    Be submitted in full compliance with all instructions on the Claim submission form or as included in the area of the Settlement Website which allows for electronic submission of Claims;

e.    Include all information requested on the Claim submission form or the section of the Settlement Website which allows for electronic submission of Claims, including: (i) the Class Member(s) name(s); (ii) the address of the property securing the Class Member's Mortgage which qualifies them for inclusion in the Class; (iii) the Class Member's current mailing address (if different from the address in item (ii)); and (iv) the Class Member's Claim Identification Code (which shall be printed on the First Notice and the Reminder Notice).  The Settlement Website shall have a feature whereby, when submitting a Claim, Class Members may enter their Claim Identification Code to pre-populate editable fields in the online Claim form with the information identified in this paragraph based on such information as it is provided to the Settlement Administrator about the Class Members; and

25

f.      Include all signatures (which may be accomplished on the Settlement Website by typing in the Class Members name in an appropriate field which acknowledges that typing one's name into the website has the legal effect of a signature) and any other attestations, declarations, certifications, or verifications as required on the Claim submission form or the section of the Settlement Website which allows for electronic submissions of Claims.

To be timely, Claims must be submitted to the Settlement Administrator during the Claims Period.  The Claims Period will start on the day that the Settlement Administrator mails out the First Notice to the Class and shall last for the next sixty (60) days.  Claims submitted by mail must be postmarked on a date during the Claims Period, and must be received by the Settlement Administrator no more than seventy-five (75) days after the start of the Claims Period.  Class Members who submit Claims electronically through the Settlement Website must complete the electronic submission of their Claims during the Claims Period.  Any Settlement Class Member who does not mail or submit online a Claim during the Claims Period shall be deemed to have waived any Claim to any Settlement Benefits and any Claim received outside of the Claims Period will be rejected, and such Class Members will nevertheless be bound by the Release and all other provisions of this Agreement which apply to Class Members.

Within thirty (30) days after the Settlement reaches Finality, the Settlement Administrator shall provide to the Parties a list of all Claims received, a determination as to whether each Claim received is or is not a Valid Claim and the reason if a Claim is determined to not be a Valid Claim, and the amount of Settlement Benefits that each Class Member who submitted a Valid Claim is entitled to receive. After receiving the Settlement Administrators list of Claims and determinations as to whether they are Valid Claims, the Parties may review the Claims which were submitted and may audit the Claims and the information contained within the Claims.  In case any of the Parties disagrees with the Settlement Administrator's determination as to whether a Claim is a Valid Claim, the Parties and the Settlement Administrator shall work together in good faith to come to a consensus on whether that claim is a Valid Claim.  In case the Parties cannot come to a consensus as to whether a Claim is a Valid Claim or should be treated as a Valid Claim, the Settlement Administrator shall make a final, binding determination as to whether the Claim is or is not a Valid Claim.  All final determinations as to whether a Claim is a Valid Claim shall be made within sixty (60) days after the Settlement reaches Finality.  The Settlement Administrator shall not receive or accept any incentive or disincentive conditioned on whether Claims are determined to be or not be Valid Claims.

## 11. FUNDING AND DISTRIBUTION OF SETTLEMENT BENEFITS

Within ninety (90) days after the Settlement reaches Finality, Freedom shall transfer into a federally-insured depository account maintained by the Settlement Administrator sufficient funds to pay the aggregate value of all Valid Claims.

Within one-hundred fifteen (115) days after the settlement reaches Finality, the Settlement Administrator shall mail checks for Settlement Benefits by first-class mail to the Last Known Mailing Address for those Class Members who submitted a Valid Claim, or to such other address as the Class Members designate to receive the checks when submitting their Claim.  If there is more than one borrower on a subject loan and the co-borrowers have the same Last Known Mailing Address, the Settlement Benefits check will be mailed to that Last Known Mailing Address.  If there is more than one borrower on a subject loan and the co-borrower's Last Known Mailing Address differs from that of the primary borrower, the Settlement Benefits check will be mailed to the Last Known Mailing Address for the primary borrower on that loan, and the Settlement Administrator will also send a letter to the co-borrower's Last Known Mailing Address informing the co-borrower that the check was sent to the primary borrower.

Settlement Benefits checks shall be notated as void after ninety (90) days from the date on the face of the check.  If a Settlement Benefits check remains un-negotiated after one hundred and twenty (120) days from the date on the face of the check, the Settlement Administrator shall stop payment on the uncashed Settlement

Benefits check.  Thereafter, neither the Parties nor the Settlement Administrator shall have any further obligation to distribute Settlement Benefits to Class Members. The Settlement Administrator shall return to Freedom all funds on deposit to fund Settlement Benefits for checks which are not cashed and upon which the Settlement Administrator stopped payment.  Freedom shall be entitled to the full return of all funds on deposit to fund Settlement Benefits for checks which are not cashed and upon which the Settlement Administrator stopped payment, and any such funds shall not be subject to escheat to the state, cy pres, or any similar legal doctrine which would result in these funds going to a person or entity other than Freedom.

## 12. CLASS COUNSELS' ATTORNEYS' FEES, COSTS, AND EXPENSES

Class Counsel shall have the right to file a motion with the Court, no later than thirty (30) days before the Final Fairness Hearing, for an award of attorneys' fees, costs, and expenses incurred in the prosecution and settlement of the Litigation against Freedom (a "Motion for Fees and Expenses").

Class Counsel's Motion for Fees and Expenses may seek an award of attorney's fees up to $791,239.00, and an award of costs and expenses up to $115,000.  Freedom agrees not to object to Class Counsels' Motion for Fees and Expenses so long as the Motion for Fees and Expenses is consistent with this paragraph.  Any award of attorneys' fees, costs, and expenses shall be paid by

Freedom to Class Counsel, and shall not affect or reduce the Settlement Benefits available for the Class Members.

Approval by the Court of Class Counsels' Motion for Fees and Expenses shall not be a precondition to approval of the Settlement or entry of the Final Judgment Order in accordance with this Agreement. The Class Representatives and Class Counsel may not cancel or terminate the Settlement based on the Court's or any Appellate Court's ruling with respect to fees, costs, expenses, or the disbursement thereof. Any appeal relating to Class Counsel's Motion for Fees and Expenses will not affect the Finality of the Settlement, the entry of the Final Approval Order and the Final Judgment Order, or the Release provided in Section 15 of this Agreement. Class Counsels' Motion for Fees and Expenses may be considered separately from the Settlement.

To the extent the Court awards amounts of attorneys' fees, costs, or expenses which are less than the maximum amounts that Class Counsel may move for under this section, Freedom shall not be obligated to pay more than the amount actually awarded by the Court.

Within fourteen (14) days after the Settlement reaches Finality, Freedom shall transfer to a depository account of Class Counsel's choosing sufficient funds to pay the value of any award of attorney's fees, costs, and expenses, provided that Freedom shall not be obligated to pay, and Class Counsel will waive acceptance of, any

portion of an award of attorney's fees which exceeds $791,239.00 and any portion of an award of costs and expenses which exceeds $115,000. Class Counsel shall be responsible for dividing any award of attorney's fees, costs, and expenses among themselves as they see fit, and Freedom shall have no further obligation to pay any amount of attorney's fees, costs, and expenses to the Class Counsel after transferring the funds to the depository account designated by Class Counsel.

No payment of Court-awarded attorneys' fees, costs, and expenses will be issued until Class Counsel provides signed and completed Form W-9s (current as of the date of payment) to Freedom.

## 13. CLASS REPRESENTATIVE'S SERVICE AWARD

The Class Representatives shall have the right to file a motion with the Court, no later than thirty (30) days before the Final Fairness Hearing, for a Service Award not to exceed $5,000 to be awarded jointly to them. Freedom agrees not to object to such a motion for a Service Award filed by the Class Representatives, provided that it is consistent with this paragraph. Any Service Award to the Class Representatives approved by the Court shall be in addition to the Settlement Benefits payable to the Class Representatives if they submit a Valid Claim.

The Court's approval of a Service Award to the Class Representatives, including the amount of any such Service Award, shall not be a precondition to approval of the Settlement or entry of the Final Judgment Order in accordance with

this Agreement. The Class Representatives and Class Counsel may not cancel or terminate the Settlement based on the Court's or any Appellate Court's ruling with respect to the Service Award. Any appeal relating to the Service Award will not affect the Finality of the Settlement, the entry of the Final Approval Order or the Final Judgment Order, or the release provided in Section 15 of this Agreement. Any motion for a Service Award for the Class Representative may be considered separately from the Settlement.

To the extent the Court awards a Service Award to the Class Representatives which is less than the maximum amounts that the Class Representatives may move for under this Section, Freedom shall not be obligated to pay more than the amount actually awarded by the Court.

Within fourteen (14) days after the Settlement reaches Finality, Freedom shall transfer to a depository account of Class Counsel's choosing sufficient funds to pay the value of any Service Award for the Class Representatives, provided that Freedom shall not be obligated to pay, and Class Counsel and the Class Representatives will waive acceptance of, any portion of a Service Award which exceeds $5,000. Class Counsel shall be responsible for transmitting the Class Representative's Service Award to the Class Representatives in a manner to be agreed upon by Class Counsel and the Class Representatives, and Freedom shall have no further obligation to pay

any amount of Service Award to the Class Representatives after transferring the funds to the depository account designated by Class Counsel.

## 14. RESTORATION OF RIGHTS, CLAIMS, AND DEFENSES IN THE EVENT OF NON-APPROVAL, NON-FINALITY, OR TERMINATION

In the event that the Settlement provided for under this Agreement does not receive Preliminary and/or Final Approval by the Court, does not reach Finality, or is otherwise terminated as provided for under this Agreement, this Agreement shall be deemed null and void, and all negotiations, filings, documents, orders, and proceedings relating thereto shall not be discoverable or admissible in the Litigation or in any other proceeding, and shall be without prejudice to the rights of the Parties hereto, who shall be restored to their respective positions and retain all of their rights and defenses as if they had not entered into the Agreement. This provision will survive termination of this Agreement.

## 15. RELEASE, WAIVER, AND COVENANT NOT TO SUE

In consideration of the Settlement Benefits, the terms of this Agreement, and other good and valuable consideration, the Class Representative, all members of the Class who do not timely exclude themselves from the Settlement, and the Class Counsel, and all of their respective heirs, executors, personal representatives, subrogees, successors, and assigns (together "the Releasors"), release, remise, resolve, waive, acquit, and forever discharge Freedom, its predecessors, successors, assigns, parents, subsidiaries, affiliates, related entities, and all of their past and

present agents, directors, officers, employees, shareholders, insurers, financial institution bond-issuers, representatives, and attorneys (together "the Releasees"), of and from any and all the Released Claims (as defined below).

"Released Claims" means any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, rights, recoveries, settlements, costs, expenses, and attorneys' fees of any nature whatsoever, including any which may be available through any other pending or future class action, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, including Unknown Claims (as defined below) as of the date of the Final Approval Order, that any of the Releasors have, had, and/or may have against any of the Releasees as of the Effective Date which in any way concern and/or relate to: (a) the matters alleged and claims asserted in the Litigation and/or claims that could have been alleged therein based on the facts alleged in the complaint filed in the Litigation; (b) the origination or servicing of the Class Member's loans that are the subject of the Settlement with respect to Property Inspections or contractual provisions related to Property Inspections; (c) Freedom's

acts or omissions related to the conduct of the Property Inspections; and (d) the Property Inspection Fees charged by Freedom and paid by the Class members. The Parties shall request that this Release be included in the Final Order and Judgment entered in this case.

"Unknown Claims" means any Released Claims which the Class Representative, Class Counsel, or any other Class Member do not know or suspect to exist in his, her, its, or their favor at the time of the release of such claims which, if known by him, her, or it might have affected his, her, its, or their decision(s) with respect to this Settlement, including through any other pending or future class action. The Parties stipulate and agree that, upon the entry of the Final Judgment Order, the Class Representatives shall expressly waive, and each of the Class Members who have not opted out shall be deemed to have waived, and by operation of the judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Class Representatives acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement.    The Class Representatives further acknowledge, and all Class Members shall be deemed by operation of the Final Judgment Order to have acknowledged, that they are aware that they may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matters of the Released Claims, but that it is their intention upon Finality, to have fully, finally, and forever settled and released any and all claims within the scope of the Released Claims, whether known or unknown, suspected or unsuspected, contingent or noncontingent, whether or not concealed or hidden, which now exist, may hereafter exist, or may heretofore have existed, including through any other pending or future class action, without regard to the subsequent discovery or existence of such different or additional facts.    All of the foregoing is the definition of "Unknown Claims."

The Class Representative and the Class members agree and covenant not to sue any of the Releasees with respect to any of the Released Claims, or otherwise to assist others in doing so, or be a member of any other pending or future class action related to or based on the subject matter of the Released Claims, and agree to be

forever barred from doing so, in any court of law or equity, or any other forum, except for claims related to enforcement of this Agreement.

Specifically excluded from this Release are any claims or causes of actions of any nature whatsoever by any Class Members who timely exclude themselves from the Settlement.

## 16. DECEASED CLASS MEMBERS

In the case of any deceased Class Members, the estate of a deceased Class Member shall be entitled to exercise all of the rights of the deceased Class Member available under this Settlement, including to object to the Settlement, opt out of the Settlement, submit a Claim, and/or receive Settlement Benefits, and the estate of any deceased Class Member covered by this Settlement will be subject to the release in Section 15 of this Agreement and all other provisions of this Agreement as if the estate were a Class Member.  For purposes of this Section, only the person(s) authorized by probate court order to represent the Class Member's estate, or who are otherwise authorized pursuant to the probate laws applicable to the deceased Class Member to represent the Class Member's estate, may act on behalf of the estate.  The person(s) authorized to act on behalf of the estate of any deceased Class Member may contact the Settlement Administrator about any issues related to this Settlement which affect the estate, and the Settlement Administrator, the Parties, and the estate shall work together in good faith to resolve any issues related to the applicability of

the settlement to deceased Class Members and their estates. The Settlement Administrator shall require the representative of the estate of a deceased Class Member to provide proof or other evidence or documentation showing that the Class Member is deceased and that the representative is authorized to act on behalf of the estate of the deceased Class Member.

## 17. MISCELLANEOUS

This Agreement, whether or not finally approved, or whether or not a final judgment is entered, and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute or legal requirement, or of any liability or wrongdoing by Freedom, or of the truth of any of the claims or allegations made in connection with the Litigation. This provision shall survive the termination of this Agreement.

The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement or the applicability of this Agreement.

This Agreement shall be governed by and interpreted according to the laws of the State of New Jersey, without regard to any choice of law or conflict of laws principles.

This Agreement constitutes the entire agreement among the Parties pertaining to the settlement of the action and supersedes any and all prior and contemporaneous undertakings in connection therewith.

Modifications or amendments to this Agreement may only be made through a writing executed by the Parties, provided that after issuance by the Court of the Preliminary Approval Order, any modifications or amendments to this Agreement which limit or reduce the rights of the Class Members or which conflict with any order of the Court must also be approved by the Court.

This Agreement was drafted jointly by the Parties after arms-length negotiations. Neither Freedom, nor the Class Representatives or Class Counsel, shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

Where this Agreement requires any Party to provide notice or any other communication or document to any other Party, such notice, communication, or document shall be provided by mail and by e-mail to the following persons:

If to Freedom:      Jason W. McElroy
                    Weiner Brodsky Kider PC
                    1300 19th Street N.W., 5th Floor
                    Washington, DC 20036
                    mcelroy@thewbkfirm.com

39

If to Class
Counsel or
the Class
Representatives:    D. Greg Blankinship
                    Finkelstein, Blankinship, Frei-Pearson & Garber, LLP
                    One North Broadway, Suite 900
                    White Plains, New York 10601
                    gblankinship@fbfglaw.com

The Parties have carefully and fully read this Agreement and discussed it with their respective attorneys or have been given the opportunity to do so; they understand all terms and conditions of this Agreement; they accept and execute this Agreement as their own free and voluntary act, and with the intent and capacity to be legally bound.

This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Counsel for the Parties shall exchange among themselves signed counterparts. Signatures may be originals, facsimile, or scanned copies.

IN WITNESS WHEREOF, the parties have executed this Agreement as follows:

On behalf of the Class Representative:


07/01/2021
Date

Michael J. Gress


07/01/2021
Date

Brandy L. Gress

On Behalf of Class Counsel:


July 1, 2021
Date

D. Greg Blankinship


July 7, 2021
Date

William F. Cash III

On Behalf of Freedom Mortgage Corporation:


July 16, 2021
Date

Steven Molitor
EVP & Chief Legal Officer


41

**EXHIBIT A**



OUTSIDE OF
POST CARD

6 inches wide

4.25 inches tall

**CLASS ACTION
SETTLEMENT NOTICE**

Settlement Administrator
[P.O. Box #
City, State, Zip]

FIRST CLASS
MAIL
US POSTAGE
PAID Permit #
[NUMBER]

**YOU MAY BE
ELIGIBLE FOR A
MONETARY PAYMENT**

*Gress v.
Freedom Mortgage Corp.*

Review this notice carefully.

You may make a claim on the
attached card or online.

[BARCODE]
Postal Service: Please do not mark barcode

Claim Identification Code:
[CODE]

[Class Member Name
Address1
Address2
City, State, Zip Code]

FOLD

[RETURN
POSTAGE
PREPAID]

[Business Reply Mail Information
Return Postcard Mailing Address]

4.25 inches tall

**EXHIBIT A**

INSIDE OF
POST CARD

6 inches wide ——————→

4.25 inches tall

A settlement has been reached in a class action lawsuit against Freedom Mortgage Corporation ("Freedom"). Borrowers claim that Freedom wrongfully charged them for property inspections after they defaulted or became delinquent on their mortgages. Freedom denies any wrongdoing, but has agreed to settle the claims. Freedom's records show that you may be a class member.

- **Am I a Class Member?** With exceptions, you may be eligible if you paid Freedom for a property inspection due to defaulting or becoming delinquent on your mortgage between March 5, 2013 and December 31, 2020.
- **What am I eligible to receive?** Class members who submit valid claims will receive 35% of the first property inspection fee they paid and 50% of all subsequent property inspection fees they paid. **For reference, the median payment across the class for valid claims will be $12.75, and the average payment will be $36.40, but your personal amount may end up being higher or lower.** Whether you receive a payment and how much will depend on various factors and contingencies described in the full terms and conditions of the settlement agreement. Visit www.[WEBSITE].com for more information about your anticipated recover amount.
- **How do I submit a claim?** You must submit a valid, signed claim form by [DATE]. You may use the claim form below, or file a claim online at www.[WEBSITE].com.
- **What are my other options?** You can choose not to participate. You can: (1) exclude yourself (opt out) by writing to the Settlement Administrator by [DATE]; (2) object to the settlement by writing to the Court by [DATE]; or (3) do nothing—but you will not be able to sue Freedom over this in the future. Go to www.[WEBSITE].com for more information.
- **Who represents me?** The Court appointed Finkelstein, Blankinship, Frei-Pearson & Garber, LLP and Levin, Papantonio, Rafferty, Proctor, Buchanan, O'Brien, Barr & Mougey, P.A. as class counsel.
- **When will the Court consider the proposed settlement?** The Court will hold a final approval hearing on [DATE] at [TIME] at [LOCATION]. The Court will hear objections to the settlement, determine its fairness, and decide whether to approve the settlement and award legal fees and expenses to Class Counsel.
- **How can I learn more?** Visit www.[WEBSITE].com, or contact the Settlement Administrator at [PHONE]. You may also write to the Settlement Administrator at [ADDRESS].

**To receive settlement benefits, you must submit your claim
to the Settlement Administrator no later than [DATE].**

FOLD

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**CLASS ACTION SETTLEMENT – CLAIM FORM**

**For a valid claim, you must include all requested information and must sign & date this form**

| UNITED STATES DISTRICT COURT | [BARCODE] |
| MIDDLE DISTRICT OF PENNSYLVANIA | Claim Identification Code: |
| *Gress v. Freedom Mortgage Corp.* | [CODE] |
| No. 1:19-cv-00375-JEJ | |

Borrower Name:                                          Co-Borrower Name (if any):

_____          _____

Address of Property for Mortgage Serviced
by Freedom Mortgage Corporation:                Current Mailing Address (if different):

_____          _____

_____          _____

_____          _____

ATTESTATION: I/we swear or affirm, under penalty of perjury, that I/we meet all criteria necessary to be included in this class action settlement and that all information on this claim form is true and correct. By submitting this claim form, I/we agree that I/we will be eligible to receive the amount of money specified under the terms of the Settlement Agreement, and I/we will be bound by the Release and all other terms in the Settlement Agreement.

Date: _____          Borrower Signature: _____

Date: _____          Co-Borrower Signature: _____

4.25 inches tall

**<u>EXHIBIT B</u>**

**Text of Emailed Second Notice**

**SUBJECT LINE:** Gress v. Freedom Mortgage Corporation – Class Action Settlement Notice

**BODY TEXT:**

## REMINDER NOTICE: YOU MAY BE ELIGIBLE TO RECEIVE A MONETARY PAYMENT AS PART OF A CLASS ACTION SETTLEMENT.

Claim Identification Code: [CODE]

This is a reminder that you may be eligible to receive a monetary payment as part of a class action settlement. A postcard notice about this settlement was previously sent to your last known address. If you have not already submitted a claim, you must do so soon in order to receive your payment.

A settlement has been reached in a class action lawsuit against Freedom Mortgage Corporation ("Freedom"). Borrowers claim that Freedom wrongfully charged them for property inspections after they defaulted or became delinquent on their mortgages. Freedom denies any wrongdoing, but has agreed to settle the claims. Freedom's records show that you may be a class member.

**Am I a Class Member?** With exceptions, you may be eligible if you paid Freedom for a property inspection due to defaulting or becoming delinquent on your mortgage between March 5, 2013 and December 31, 2020.

**What am I eligible to receive?** Class members who submit valid claims will receive 35% of the first property inspection fee they paid and 50% of all subsequent property inspection fees they paid. **For reference, the median payment across the class for valid claims will be $12.75, and the average payment will be $36.40, but your personal amount may end up being higher or lower.** Whether you receive a payment and how much will depend on various factors and contingencies described in the full terms and conditions of the settlement agreement. Visit www.[WEBSITE].com for more information about your anticipated recover amount.

**How do I submit a claim?** You must submit a valid, signed claim form by [DATE]. You may file your claim online at www.[WEBSITE].com.

**What are my other options?** You can choose not to participate. You can: (1) exclude yourself (opt out) by writing to the Settlement Administrator by [DATE]; (2) object to the settlement by writing to the Court by [DATE]; or (3) do nothing—but you will not be able to sue Freedom over this in the future. Go to www.[WEBSITE].com for more information.

**Who represents me?** The Court appointed Finkelstein, Blankinship, Frei-Pearson &

**<u>EXHIBIT B</u>**

Garber, LLP and Levin, Papantonio, Rafferty, Proctor, Buchanan, O'Brien, Barr & Mougey, P.A. as class counsel.

**When will the Court consider the proposed settlement?** The Court will hold a final approval hearing on [DATE] at [TIME] at [LOCATION]. The Court will hear objections to the settlement, determine its fairness, and decide whether to approve the settlement and award legal fees and expenses to Class Counsel.

**How can I learn more?** Visit www.[WEBSITE].com, or contact the Settlement Administrator at [PHONE]. You may also write to the Settlement Administrator at [ADDRESS].

**To receive settlement benefits, you must submit your claim to the Settlement Administrator no later than [DATE].**

**EXHIBIT C**

FRONT OF
POST CARD

6 inches wide →

4.25 inches tall

**CLASS ACTION
SETTLEMENT NOTICE**

**REMINDER NOTICE:
YOU MAY BE
ELIGIBLE FOR A
MONETARY PAYMENT**

*Gress v.
Freedom Mortgage Corp.*

Review this notice carefully.

You may make a claim by
following the instructions in
this notice.

Settlement Administrator
[P.O. Box #
City, State, Zip]

FIRST CLASS
MAIL
US POSTAGE
PAID Permit #
[NUMBER]

[BARCODE]
Postal Service: Please do not mark barcode

Claim Identification Code:
[CODE]

[Class Member Name
Address1
Address2
City, State, Zip Code]

**EXHIBIT C**

6 inches wide ⟶

BACK OF
POST CARD

⟵ 4.25 inches tall ⟶

**REMINDER NOTICE: You may be eligible to receive a monetary payment as part of a class action settlement. If you have not already submitted a claim, you must do so soon in order to receive your payment.**

A settlement has been reached in a class action lawsuit against Freedom Mortgage Corporation ("Freedom"). Borrowers claim that Freedom wrongfully charged them for property inspections after they defaulted or became delinquent on their mortgages. Freedom denies any wrongdoing, but has agreed to settle the claims. Freedom's records show that you may be a class member.

• **Am I a Class Member?** With exceptions, you may be eligible if you paid Freedom for a property inspection due to defaulting or becoming delinquent on your mortgage between March 5, 2013 and December 31, 2020.

• **What am I eligible to receive?** Class members who submit valid claims will receive 35% of the first property inspection fee they paid and 50% of all subsequent property inspection fees they paid. **For reference, the median payment across the class for valid claims will be $12.75, and the average payment will be $36.40, but your personal amount may end up being higher or lower.** Whether you receive a payment and how much will depend on various factors and contingencies described in the full terms and conditions of the settlement agreement. Visit www.[WEBSITE].com for more information about your anticipated recover amount.

• **How do I submit a claim?** You must submit a valid, signed claim form by [DATE]. You may file your claim online at www.[WEBSITE].com.

• **What are my other options?** You can choose not to participate. You can: (1) exclude yourself (opt out) by writing to the Settlement Administrator by [DATE]; (2) object to the settlement by writing to the Court by [DATE]; or (3) do nothing—but you will not be able to sue Freedom over this in the future. Go to www.[WEBSITE].com for more information.

• **Who represents me?** The Court appointed Finkelstein, Blankinship, Frei-Pearson & Garber, LLP and Levin, Papantonio, Rafferty, Proctor, Buchanan, O'Brien, Barr & Mougey, P.A. as class counsel.

• **When will the Court consider the proposed settlement?** The Court will hold a final approval hearing on [DATE] at [TIME] at [LOCATION]. The Court will hear objections to the settlement, determine its fairness, and decide whether to approve the settlement and award legal fees and expenses to Class Counsel.

• **How can I learn more?** Visit www.[WEBSITE].com, or contact the Settlement Administrator at [PHONE]. You may also write to the Settlement Administrator at [ADDRESS].

**To receive settlement benefits, you must submit your claim to the Settlement Administrator no later than [DATE].**

**EXHIBIT D**

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL J. GRESS and BRANDY L. GRESS**, on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) | Case No. 1:19-cv-00375-JEJ |
| v. | ) ) | (Hon. John E. Jones III) |
| **FREEDOM MORTGAGE CORPORATION**, | ) ) ) | |
| Defendant. | ) ) | |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL
TO CLASS ACTION SETTLEMENT, DIRECTING NOTICE,
AND SCHEDULING FINAL APPROVAL HEARING**

Plaintiffs Michael and Brandy Gress ("Plaintiffs" or "Class Representatives") and Defendant Freedom Mortgage Corporation ("Freedom"), by their respective counsel, have submitted a Class Action Settlement Agreement (the "Agreement") and have moved, pursuant to Fed. R. Civ. P. 23, for an order: (1) preliminarily approving the terms and conditions of the Settlement as set forth in the Agreement; (2) provisionally certifying a Class and directing Notice to be provided to the Class Members; (3) approving the form and method of Notice to the Class Members; and (4) scheduling a hearing to consider final approval of the Settlement. The Court has given due consideration to the Agreement, including the exhibits to the Agreement, the submissions in support of preliminary approval of the Settlement, and the record

1

**EXHIBIT D**

of proceedings, and now finds that the proposed Settlement should be preliminarily approved pending notice to Class Members and a Final Fairness Hearing on whether the Settlement is fair, reasonable, and adequate for the Class.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1) Terms capitalized herein and not otherwise defined shall have the meanings ascribed to them in the Agreement.

2) This Court has jurisdiction over the subject matter of the above-captioned case and jurisdiction over the Plaintiffs and Defendant (collectively referred to as the "Parties") in this case.

3) Subject to paragraphs 4 and 13 of this Order, the Court finds that only for purposes of the settlement and notice requirements of Fed. R. Civ. P. 23 have been met, specifically:

    a. The Class is so numerous that joinder of all members is impracticable;

    b. There are questions of law or fact common to the Class;

    c. Plaintiff's claims are typical of the claims of the Class;

    d. Plaintiffs and Class Counsel will fairly and adequately protect the interests of the Class; and

    e. Questions of law and fact common to the Class predominate over any questions affecting only individual members, and a class action

## EXHIBIT D

is superior to other available methods for fairly and efficiently adjudicating the controversy.

The Court therefore provisionally **CERTIFIES** the following Class, for settlement purposes only:

> All borrowers in the United States whose Mortgages were or are serviced by Freedom and who paid money to Freedom for fees on property inspections conducted on their property due to the borrower defaulting or being delinquent on their Mortgage ("Default Property Inspections"), between March 5, 2013 and December 31, 2020. The settlement does not apply to: (a) fees for Default Property Inspections assessed by Freedom that were not paid by the borrower; (b) fees for Default Property Inspections that were refunded to the borrower; (c) fees for Default Property Inspections paid by third-parties; or (d) borrowers who provided Freedom with a release of claims which cover the claims in this case, including where the release was provided directly or through a class representative as part of another class action or class action settlement

4)    If Settlement does not become effective pursuant to the terms of the Agreement, if all conditions in the Agreement are not met, or if the Settlement otherwise does not reach Finality, such provisional certification of the Class shall be void, and Defendant shall have reserved its right to oppose certification of any class, including any potential class definitions.

5)    The Court finds that the terms of the Agreement are within the range of a fair, reasonable, and adequate settlement between the Class and Defendant under the circumstances of this case.  The Court therefore preliminarily approves the Agreement, which is incorporated by reference into this Order, and directs the

## **EXHIBIT D**

Parties to perform and satisfy the terms and conditions of the Agreement that are triggered by such preliminary approval.

6)      The proposed First Notice in the form attached to the Agreement as Exhibit A, the Proposed Second Notice in the forms attached to the Agreement as Exhibits B & C, and the manners of distribution of Notice described in the Agreement are hereby approved by this Court as reasonable and as the best notice practicable under the circumstances.  The form and manner of notice proposed in the Agreement comply with Fed. R. Civ. P. 23 and the requirements of Due Process.

7)      A Final Fairness Hearing shall be held before the undersigned at _____(time), on _____(date) by teleconference for the purpose of: (1) resolving any Objections to the Settlement; (2) considering the Motion for Final Approval; (3) determining whether to grant final approval of the Settlement; (4) determining whether to dismissing with prejudice all claims of the Class asserted in the litigation; and (5) determining whether to permanently enjoin the Class Representatives and Class Members who did not file complete and valid Requests for Exclusion by the Exclusion Deadline from filing suit or any claim, demand, and/or counterclaim with respect to matters subject to the Release in the Agreement.

8)      In accord with the Agreement, Defendant, through the Settlement Administrator designated in Section 5 of the Agreement, shall provide Notice, in the

4

**EXHIBIT D**

form and manner approved herein in paragraph 6 above and as described in the Agreement, to Class Members no later than twenty (20) days from the date of this Order (the "Notice Deadline").

9)      Class Members shall be afforded an opportunity to request exclusion from the Class.  Class Members may exclude themselves from the Class, as provided for in Section 8 of the Agreement, by mailing to the Settlement Administrator a written Request for Exclusion that is postmarked no later than _____(date) (the "Exclusion Deadline").  Requests for Exclusion must be signed by the person requesting exclusion from the Class and any co-borrower(s) on their Mortgage which qualifies them for the Class, and must include the requestor's full name and current address, the full name and current address of any co-borrower(s) on their Mortgage which qualifies them for the Class, the address of the property which secured their Mortgage which qualifies them for the Class, and a clear and unequivocal statement that the requestor and any co-borrowers on the Mortgage seek to be excluded from the Class in this case.  Requests for Exclusion must comply with all other requirements in Section 8 of the Agreement.

10)     Class Members who do not request exclusion from the Class have the right to object to the proposed Settlement only by complying with the objection provisions set forth in this paragraph and as provided for in Section 7 of the Agreement.  Class Members who object to the proposed Settlement shall remain

5

## EXHIBIT D

Class Members, and shall have voluntarily waived their right to pursue any independent remedy against the Defendant for claims which are released under section 15 of the Agreement.  Any Class Member who wishes to object to the proposed Settlement must file with the Court, and serve upon Class Counsel and Defendant's Counsel, their objection by _____(date).  Objections must be signed by the person(s) making the objection, or an attorney or legal guardian or legal representative authorized to act on their behalf, and must set forth in detail each component of the Settlement to which they object, the reasons for each such objection, and any legal authority that they wish the Court to consider in support thereof.  Objections must also include the objector's full name and current address, the full name and current address of any co-borrower(s) on their Mortgage loan which qualified them for inclusion in the Class, the address of the property which secured the Mortgage that qualifies them for inclusion in the Class, and an affirmation, under penalty of perjury, that the person on whose behalf the objection is filed and their co-borrower(s), if any, object to the Settlement and intend to appear at the Final Fairness Hearing, at which time their Objections will be considered, if not previously withdrawn.  Objectors and/or their counsel shall be allowed to appear at the Final Fairness Hearing by telephone.

11)     Any Class Member that does not file a timely objection in the manner provided for in paragraph 10 above and in the Agreement shall waive the right to

## EXHIBIT D

object or to be heard at the Final Fairness Hearing and shall be forever barred from making any objection to the proposed Settlement.  To the extent any Class Member objects to the proposed Settlement, and such objection is overruled in whole or in part, such Class Member will be forever bound by the Final Approval Order and the Final Judgment Order.

12)    Class Members who are eligible for Settlement Benefits may file a Claim as provided for in sections 9 & 10 of the Agreement, and must file a Valid Claim in order to obtain Settlement Benefits.

13)    Class Counsel shall file any motions for final approval of the Settlement and for an award of attorneys' fees, costs, and expenses, along with any supporting materials, no later than thirty (30) days before the date of the Final Fairness Hearing.

14)    If the Settlement does not reach Finality, the Agreement, in accord with Sections 2 & 14 of the Agreement, shall terminate and be deemed null and void, and all negotiations, filings, documents, orders, and proceedings relating thereto shall not be discoverable or admissible in this case or in any other proceeding, and shall be without prejudice to the rights of the Parties hereto, who shall be restored to their respective positions and retain all of their rights and defenses existing as of the date the parties executed the Agreement.

15)    This Order shall not be used as evidence for any purpose, other than for enforcement of its terms.  The Order shall not be construed or used as an admission

**EXHIBIT D**

or evidence of the validity of any claim or allegation made against Defendant in this or any other action, or of any wrongdoing by Defendant, or as a waiver by Defendant of any right to present evidence, arguments, or defenses, including without limitation to the propriety of class certification, in this or any other litigation.

16)    The Court may amend the date and time of the Final Fairness Hearing, or the manner in which it is held, without further notice to the Class Members.  The Court retains jurisdiction to consider all further applications arising out of or connected with the Settlement and may consider and grant final approval of the Settlement, with or without minor modification and without further notice to the Class.

17)    All discovery and pretrial proceedings in this action are stayed and suspended until further order of this Court.

**SO ORDERED.**


Date: _____          _____

United States District Judge

**EXHIBIT E**

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MICHAEL J. GRESS and BRANDY L. GRESS**, on behalf of themselves and all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) Case No. 1:19-cv-00375-JEJ |
| v. | ) |
| | ) (Hon. John E. Jones III) |
| **FREEDOM MORTGAGE CORPORATION**, | ) ) |
| | ) |
| Defendant. | ) |
| | ) |

**[PROPOSED] FINAL JUDGMENT ORDER**

WHEREAS, Plaintiffs Michael and Brandy Gress ("Plaintiffs" or "Class Representatives") and Defendant Freedom Mortgage Corporation ("Freedom"), have entered into a Class Action Settlement Agreement (the "Agreement").

WHEREAS, Plaintiffs moved for, and this Court granted, an Order Granting Preliminary Approval to Class Action Settlement, Directing Notice, and Scheduling Final Approval Hearing [Dkt. _____] (the "Preliminary Approval Order");

WHEREAS, this Court provisionally certified the following Class in the Preliminary Approval Order:

All borrowers in the United States whose Mortgages were or are serviced by Freedom and who paid money to Freedom for fees on property inspections conducted on their property due to the borrower defaulting or being delinquent on their Mortgage ("Default Property Inspections"), between March 5, 2013 and December 31, 2020. The

1

**EXHIBIT E**

settlement does not apply to: (a) fees for Default Property Inspections assessed by Freedom that were not paid by the borrower; (b) fees for Default Property Inspections that were refunded to the borrower; (c) fees for Default Property Inspections paid by third-parties; or (d) borrowers who provided Freedom with a release of claims which cover the claims in this case, including where the release was provided directly or through a class representative as part of another class action or class action settlement.

WHEREAS, the Preliminary Approval Order preliminarily approved the Settlement, approved the forms of required Notice of the Settlement to Class Members, directed that Notice of the Settlement be given to Class Members, and scheduling a Final Fairness Hearing;

WHEREAS, in accordance with the Agreement and the Preliminary Approval Order, Defendant caused the Notice to be disseminated as directed by the Court, and such Notice was reasonable and was the best notice practicable under the circumstances;

WHEREAS, on _____ (date) this Court held the Final Fairness Hearing;

WHEREAS, based upon the foregoing, having heard the statements of Class Counsel and Defendant's Counsel, and of such persons as chose to appear at the Final Fairness Hearing; having considered all of the files, records, and proceedings in the above-captioned action, the benefits to the Class Members under the Settlement, and the risks, complexity, expense, and probable duration of further litigation; and being fully advised in the premises;

**EXHIBIT E**

**THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

1)      Terms capitalized herein and not otherwise defined shall have the meanings ascribed to them in the Agreement.

2)      This Court has jurisdiction over the subject matter of the above-captioned case and jurisdiction over the Parties.

3)      The Court hereby adopts and reaffirms the findings and conclusions set forth in the Preliminary Approval Order.

4)      The Plaintiffs and Class Counsel fairly and adequately represented the interests of the Class in connection with the Settlement.

5)      The Settlement is the product of good faith, arm's-length negotiations by the Plaintiff and Class Counsel, and Defendant and its counsel, and the Parties and the Class were represented by capable and experienced counsel.

6)      The form, content, and method of dissemination of the Notice given to Settlement Class Members—as previously approved by the Court in its Preliminary Approval Order—was adequate and reasonable, constituted the best notice practicable under the circumstances, and satisfied the requirements of Fed. R. Civ. P. 23 and Due Process.

7)      The Agreement is fair, reasonable, adequate, and in the best interests of the Class, and is approved in all respects.  The Court hereby directs the Parties and their counsel to effectuate the Settlement according to its terms.

3

**EXHIBIT E**

8)      The Court has considered and overruled any and all objections to the

Settlement.

9)      The following Class Members have timely and validly excluded

themselves from the Class and are hereby excluded from the Settlement: _____

_____

_____.

10)     Settlement Class Members that have not excluded themselves shall be

bound by the Settlement and the terms of the Agreement.

11)     The Releasors shall be deemed to have, and by operation of the

judgment shall have, fully and irrevocably, released and discharged the Releasees

from the Released Claims, all as defined in section 15 of the Agreement.  The terms

of the Agreement, which are incorporated by reference into this Order, shall have

*res judicata* and other preclusive effect as to the Released Claims as against the

Releasees.  The Releasees may file the Agreement and/or this Order in any other

litigation to support a defense or counterclaim based on principles of *res judicata*,

collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any

similar defense or counterclaim.

12)     Defendant, by operation of the judgment, shall be fully and irrevocably

released and forever discharged by the Class Representatives and Class Counsel

from any claims that have been or could have been asserted in connection with this

## EXHIBIT E

case or that arise from or are related to the claims alleged in the case, and any claims that arise from or relate to the filing or prosecution of the case.

13)   The Releasors, each and every one of them, are hereby permanently barred and enjoined from filing, instituting, prosecuting or enforcing the Released Claims, directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Releasees.  This permanent bar and injunction is necessary to protect and effectuate the Agreement, this Final Judgment Order, and this Court's authority to effectuate the Settlement, and is ordered in aid of this Court's jurisdiction and to protect its judgment.  Notwithstanding the foregoing, nothing in this order and judgment shall preclude an action to enforce the terms of the Agreement.

14)   The above-captioned case is hereby dismissed with prejudice, and each side shall bear its own fees and costs, except to the extent expressly awarded by the Court.

15)   This Order shall not be construed or used as an admission or evidence of the validity of any claim or allegation made in the case against Defendant or any other Releasee, or of any wrongdoing by or against Defendant or any other Releasee, or as a waiver by Defendant or any other Releasee of any right to present evidence, arguments or defenses, including without limitation to the propriety of class certification, in the case or in any other litigation.

**EXHIBIT E**

16)     If the Settlement does not reach Finality for any reason, the Agreement, in accord with Sections 2 & 14 thereof, shall terminate and be deemed null and void, and all negotiations, filings, documents, orders, and proceedings relating thereto shall not be discoverable or admissible in this case or in any other proceeding, and shall be without prejudice to the rights of the Parties hereto, who shall be restored to their respective positions and retain all of their rights and defenses existing as of the date the parties executed the Agreement.

17)     This Order shall not be used as evidence for any purpose, other than for enforcement of its terms.  The Order shall not be construed or used as an admission or evidence of the validity of any claim or allegation made against Defendant in this or any other action, or of any wrongdoing by Defendant, or as a waiver by Defendant of any right to present evidence, arguments, or defenses, including without limitation to the propriety of class certification, in this or any other litigation.

18)     The Parties are hereby authorized, without requiring further approval from the Court, to agree to adopt amendments and modifications to the Agreement, in writing and signed by or as authorized by the Parties, that are not inconsistent with this Order and that do not limit the rights of Class Members.

19)     The Court shall retain jurisdiction over the Parties for purposes of effectuating the administration of the Settlement and enforcement of the Agreement.

20)     This Order is final and appealable, and shall constitute a final judgment.

## **EXHIBIT E**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: _____          _____

United States District Judge