IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL J. GRESS and BRANDY L. GRESS, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>FREEDOM MORTGAGE CORPORATION,<br><br>        Defendant. | Case No. 1:19-cv-00375-RDM<br>(Hon. Robert D. Mariani)<br><br>FILED<br>SCRANTON<br>FEB 10 2022<br>Per_____<br>DEPUTY CLERK |

## FINAL JUDGMENT ORDER AWARDING FEES, EXPENSES, AND A SERVICE AWARD

WHEREAS, Plaintiffs Michael and Brandy Gress ("Plaintiffs" or "Class Representatives") and Defendant Freedom Mortgage Corporation ("Freedom"), have entered into a Class Action Settlement Agreement (the "Agreement").

WHEREAS, Plaintiffs moved for, and this Court granted, an Order Granting Preliminary Approval to Class Action Settlement, Directing Notice, and Scheduling Final Approval Hearing (Doc. 72 (the "Preliminary Approval Order"));

WHEREAS, this Court provisionally certified the following Class in the Preliminary Approval Order:

> All borrowers in the United States whose Mortgages were or are serviced by Freedom and who paid money to Freedom for fees on

property inspections conducted on their property due to the borrower defaulting or being delinquent on their Mortgage ("Default Property Inspections"), between March 5, 2013 and December 31, 2020. The settlement does not apply to: (a) fees for Default Property Inspections assessed by Freedom that were not paid by the borrower; (b) fees for Default Property Inspections that were refunded to the borrower; (c) fees for Default Property Inspections paid by third-parties; or (d) borrowers who provided Freedom with a release of claims which cover the claims in this case, including where the release was provided directly or through a class representative as part of another class action or class action settlement.

WHEREAS, the Preliminary Approval Order preliminarily approved the Settlement, approved the forms of required Notice of the Settlement to Class Members, directed that Notice of the Settlement be given to Class Members, and scheduling a Final Fairness Hearing;

WHEREAS, in accordance with the Agreement and the Preliminary Approval Order, Defendant caused the Notice to be disseminated as directed by the Court, and such Notice was reasonable and was the best notice practicable under the circumstances;

WHEREAS, on February 10, 2022, this Court held the Final Fairness Hearing;

WHEREAS, based upon the foregoing, having heard the statements of Class Counsel and Defendant's Counsel, and of such persons as chose to appear at the Final Fairness Hearing; having considered all of the files, records, and proceedings in the above-captioned action, the benefits to the Class Members under the

Settlement, and the risks, complexity, expense, and probable duration of further litigation; and being fully advised in the premises;

THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

1) Terms capitalized herein and not otherwise defined shall have the meanings ascribed to them in the Settlement Agreement.

2) This Court has jurisdiction over the subject matter of the above-captioned case and jurisdiction over the Parties.

3) The Court hereby adopts and reaffirms the findings and conclusions set forth in the Preliminary Approval Order.

8) Upon consideration of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Award Payments, the motion is GRANTED. Class Counsel are hereby awarded attorneys' fees of $791,239.00 and expense reimbursement in the amount of $115,000.00 (collectively, "Class Counsel Fees"), which sums the Court finds to be fair and reasonable.

9) Because the requested fee is less than Class Counsels' lodestar and the requested fees are less than 30% of the settlement's total value, the Court need not make a finding as to the reasonableness of Class Counsel's hourly rates or the negative multiplier.

10) In making this award, the Court has considered and found that:

(a) The multi-state settlement encompasses over 74,000 Class Members with available relief to the Class in the amount of $2,700,885.74.

(b) No objections to the Settlement were submitted.

(c) Class Counsel, consisting of the firms of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP, and Levin, Papantonio, Rafferty, Proctor, Buchanan, O'Brien, Barr, & Mougey, P.A., effectively pursued the Action on behalf of Class Members and prosecuted the case with skill and professionalism.

(d) The Action involves complex factual and legal issues, which if they were actively prosecuted and, in the absence of the Settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues.

(e) Class Counsel undertook this class action on a contingency fee basis and the risk of nonpayment supports granting Class Counsel's fee request.

(f) Class Counsel reasonably devoted approximately 1,525 hours to this case.

(g) The request for a fee is approximately 29.3% of the settlement's estimated value, excluding attorneys' fees and cost, and approximately

21.9% of the settlement's total value, which is within the accepted range of percentage-of-recovery fee awards.

(h) The benefits in this case are solely due to the efforts of Class Counsel.

(i) Class Counsel's requested fee is less than would have been sought in a private contingent fee agreement with the Class.

9) The Class Counsel Fees awarded herein shall be paid by Defendant pursuant to Section 12 of the Settlement Agreement.

10) The Court finds that an award to the Class Representatives for their time and effort in representing the Class in the prosecution of the Action is fair and reasonable, and thus awards them a Service Award in the amount of $5,000.00. The Service Award shall be paid by Defendant pursuant to Section 13 of the Settlement Agreement.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: 2/10/22

Robert D. Mariani
United States District Judge